# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ADS SECURITY L.P. | § | |
| | § | |
| v. | § | CAUSE NO. A-09-CA-773 LY |
| | § | |
| ADVANCED DETECTION SECURITY | § | |
| SERVICES, INC. D/B/A ADS SECURITY | § | |
| SERVICES | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss for Improper Venue Pursuant to Federal Rule of Civil Procedure12(b)(3) (Clerk's Doc. No. 10), and Plaintiff's Response (Clerk's Doc. No. 13). The District Court referred the above-motion to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. After reviewing the parties' briefs, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I. GENERAL BACKGROUND

On October 21, 2009, ADS Security L.P. ("Plaintiff"), a Tennessee-based business, filed the above-styled lawsuit against Advanced Detection Security Service, Inc., d/b/a ADS Security Services ("Defendant"), a Texas corporation, alleging trademark infringement, unfair competition, and cybersquatting under federal and Texas law. Both entities are in the business of providing consumers with alarm and security services. In its Complaint, Plaintiff alleges that Defendant's

mark, which consists of "ADS" placed inside a hexagon, is nearly identical to Plaintiff's federally registered mark, which consists of "ADS" placed inside an octagon. In response to Plaintiff's Complaint, Defendant filed the instant Motion to Dismiss for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

## II. ANALYSIS

A.   **Request for Dismissal for Improper Venue**

Although Defendant has entitled his Motion a "Motion to Dismiss," in the memorandum in support of the motion, Defendant only asks the Court to *transfer* the case to the San Antonio Division "for the convenience of the parties and witnesses" and "in the interests of justice" pursuant to 28 U.S.C. § 1404(a).[1] It is undisputed that venue is proper in the Western District of Texas since "Defendant's principal place of business, its main areas of operation and its proprietors are all in San Antonio, Texas." Defendant's Motion at p. 3. *See also, In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir.) (finding that plaintiff could have filed suit in venue in which the unlawful practices were alleged to have been committed and where the defendant had its principal office), *cert. denied*, 540 U.S. 1049 (2003). Therefore, under 28 U.S.C. § 1391, Plaintiff was only required

---

[1] If Defendant did in fact intend to argue that venue is improper in the Austin Division of the Western District of Texas, such an argument would be entirely incorrect. The general venue statute provides that non-diversity cases may be brought in: "(1) a judicial *district* where any defendant resides, if all defendants reside in the same State, (2) a judicial *district* in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial *district* in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391 (emphasis added). Thus, the current venue statute speaks in terms of *districts* not *divisions*. *See Says v. M/V David C. Devall*, 161 F. Supp.2d 752, 753 (S.D. Tex. 2001) (noting that venue statute speaks in terms of districts not divisions and "[t]hus, if venue is proper in the Houston Division of the Southern District of Texas it is *ipso facto* proper in the Galveston Division"); 14D Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3809 (3rd ed. 2007) ("Thus, there is no longer any requirement in federal civil cases that venue be laid in a particular division within a district").

2

to file this case in the Western District of Texas, not necessarily in any particular division. Accordingly, the Austin Division could not be considered an "improper" venue and Defendant's Motion to Dismiss for *improper venue* should therefore be denied. *See Oilfield Equip. Marketing, Inc. v. New Tech Systems, Inc.*, 2006 WL 897738 at * 1 (W.D. Tex. March 23, 2006). Having said this, while venue in this case may be proper in the Austin Division, it may still be appropriate to transfer this case to the San Antonio Division pursuant to 28 U.S.C. § 1404(a). The Court addresses that argument in the next section.

**B.     Section 1404(a) Transfer**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). It is well settled that the party seeking the transfer of venue bears the burden of demonstrating that the case should be transferred. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed"). The decision whether to transfer a case under § 1404(a) is a matter within the district court's sound discretion. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc), *cert. denied*, 129 S.Ct. 1336 (2009); *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

The preliminary question under § 1404 is whether the lawsuit "might have been brought" in the destination venue. *In re Volkswagen*, 545 F.3d at 312. As noted above, it is undisputed that this case "might have been brought" in the San Antonio Division since Defendant's principal place of business is located there. Accordingly, the Court must determine whether the Defendant has shown "good cause" for transferring the case to San Antonio. *In re Volkswagen*, 545 F.3d at 315 (citing

3

*Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). This, in turn, requires the party moving for transfer to "clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, and in the interest of justice.' " *Id*. (quoting 28 U.S.C. § 1404(a)).

In determining whether a transfer is for the convenience of parties and witnesses and in the interest of justice, courts look to a series of private and public factors. *In re Volkswagen*, 545 F.3d at 315. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws in the application of foreign law." *Id.* The Fifth Circuit has clarified that these factors are not exhaustive or exclusive and that none are dispositive. *Id.*[2]

---

[2]Plaintiff argues that the private and public factors listed in *In Re Volkswagen* are not applicable to the instant case since this case involves intra-district transfer and "the standard for obtaining an intra-district transfer . . . is considerably greater than that for inter-district transfers." Plaintiff's Response at p. 3. Relying on *United States v. Duncan*, 919 F.2d 981 (5th Cir. 1990), *cert. denied*, 500 U.S. 926 (1991), Plaintiff contends that an intra-district transfer should not be granted "absent a strong showing of prejudice." *Id.* at 985. Plaintiff's reliance on *Duncan*, however, is misplaced. The Fifth Circuit in *Duncan* was not addressing intra-district transfers under 28 U.S.C. § 1404(a), but rather was addressing the issue of a *criminal* defendant's rights under the Sixth Amendment to request a venue change under FED. R. CRIM. P. 18. The defendants in *Duncan* had argued that the district court improperly denied their request for an intra-district change of venue under FED. R. CRIM. P. 18. The Fifth Circuit rejected this argument finding that although the defendants had a Sixth Amendment right to trial in the Western District of Louisiana (the district where the alleged crime occurred), "they had no constitutional right to trial in a particular division within that district." *Id.* at 985 (internal citations and quotations omitted). The Court held that the defendants had failed to make "a strong showing of prejudice" which would have required a venue transfer under FED. R. CRIM. P 18. Thus, the Fifth Circuit's ruling in *Duncan* is inapplicable to the instant case. Plaintiff's reliance on *Johnson v. Merchant*, 628 F. Supp.2d 695, 699 (N.D. Miss.

Although Defendant mentions the *In re Volkswagen* case in its Motion, it does not address the majority of the private and public factors therein. Instead, Defendant simply argues that the case should be transferred to San Antonio because (1) it would be more convenient for the Defendant to litigate the case in San Antonio and (2) it would be convenient due to the location of witnesses.

1. **Defendant's Convenience**

Defendant argues that it would be more convenient for it to litigate the case in San Antonio because as a "small business" located in San Antonio, litigating the case in Austin "would create a hardship due to the fact that the main persons managing and operating the company would be required to divert their attention from their small business to this matter in a different city." Defendant's Brief at p. 3. Thus, Defendant readily admits that it seeks to transfer the case primarily for its own convenience, rather than for the convenience of the witnesses or in the interest of justice. A district court "will not transfer any case where the only practical effect is a shifting of inconveniences from the non-moving party to the moving party." *Salem Radio Representatives, Inc. v. Can Tel Market Support Group*, 114 F. Supp.2d 553, 558 (N.D. Tex. 2000). Instead, the party seeking transfer must establish that a transfer would make it "substantially more convenient for the parties to litigate the case." *Gardipee v. Petroleum Helicopters, Inc.,* 49 F. Supp2d 925, 931 at n.6 (E.D. Tex. 1999). Driving 80 miles to the Austin Division Courthouse does not qualify as a

---

2009) (applying the *Duncan* standard to civil intra-district cases in the Northern District of Mississippi), is also misplaced because the court's holding in *Johnson* was based on standing orders relating to divisional venue and case assignments applicable only to the Northern District of Mississippi. Since this case is pending in the Western District of Texas, the reasoning behind the *Johnson* holding does not apply in the instant case.

significant inconvenience for the parties and witnesses in this case.[3] *See e.g., Hollis v. Bo-Mac Contractors, Inc.*, 35 F. Supp.2d 536, 537 (S.D. Tex. 1999) (denying motion to transfer venue where Galveston Division courthouse was located not more than 100 miles from the Beaumont Division courthouse). As one district court noted, "it is not as if the key witnesses will be asked to travel to the wilds of Alaska or the furthest reaches on the Continental United States." *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992). Accordingly, Defendants have failed to demonstrate that a transfer of the case would be for the convenience of all the parties and in the interest of justice.

2. **Convenience of Witnesses**

While the convenience of the witnesses "is often regarded as the most important factor to be considered in deciding whether to transfer venue," it is the convenience of *non-party* witnesses which is accorded the most weight. *Woolf v. Mary Kay Inc.*, 176 F. Supp.2d 642, 650 (N.D. Tex. 2001); *Ternium Intern. U.S.A. Corp. v. Consol. Sys.*, No. 3:08-CV-0816-G, 2009 WL 464953, at *4 (N.D. Tex. Feb. 24, 2009). A party seeking a transfer of venue must do more than make general allegations that key witnesses are unavailable or are inconveniently located. *Am. Airlines, Inc. v. Rogerson ATS*, 952 F. Supp. 377, 384 (N.D. Tex. 1996). Rather, the moving party must identify specific witnesses and outline the substance of their testimony. *Id.*

Instead of identifying the specific witnesses who would be inconvenienced and outlining their testimony, Defendant merely contends that San Antonio would be a more convenient venue "due to the location of witnesses and matters relating to the business endeavors of Defendant in San

---

[3]Compulsory process for the attendance of witnesses is equally available in either division, pursuant to FED. R. CIV. P. Rule 45(c)(3), as the two divisions are less than 100 miles apart.

Antonio." Defendant's Motion at p. 3. Because Defendant has only made a general allegation that certain necessary witnesses are located in the San Antonio Division, the Motion to Transfer should be denied. *See* 15 Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3851 (3d ed. 2007) ("If the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, without identifying them and providing sufficient information to permit the district court to determine what and how important their testimony will be, the application for transferring the case should be denied."); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992) ("Where, as here, the moving party has merely made a general allegation that certain witnesses are necessary, without identifying them or the substance of their testimony, the motion must be denied").

In addition, it is unclear whether Defendant is contending that the transfer would be more convenient for non-party witnesses or merely for their own employee witnesses. If the Defendant is referring to employee witnesses, then their convenience would be entitled to little weight. *See e.g., Gardipee,* 49 F. Supp.2d at 930 ("Where, as here, the key witnesses of the party seeking transfer are employees of that party, their convenience is entitled to less weight because that party will be able to compel their testimony at trial."); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp.2d 678, 690 (E.D. Tex. 1999) ("It is the convenience of non-party witnesses, rather than of employee witnesses, however, that is the more important factor and accorded greater weight").

### 3. **Remaining Factors**

As already noted, Defendant only addresses the factors already discussed, and fails to discuss the remaining § 1404(a) factors referenced in *In re Volkswagen*. Because those are the only issues

7

presented by Defendant, the Court concludes that the Defendant has failed to demonstrate good cause for the transfer of this case from the Austin Division to the San Antonio Division of this district.

**C.    Conclusion**

Based upon the foregoing, the Court finds that Defendant has failed to "clearly demonstrate" that a transfer to the San Antonio division would be for the convenience of parties and witnesses and in the interest of justice and thus has failed to demonstrate good cause to change the divisional venue in this case. *In re Volkswagen*, 545 F.3d at 315. Accordingly, the Court recommends that the District Court DENY the Motion for Transfer Venue.

## III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Transfer Venue (Clerk's Doc. No. 10).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of March, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE